UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZETTE C.G. VILLAFLOR,

      Plaintiff,

v.                                      Case No: 8:16-cv-1486-T-23JSS

ULTIMATE MEDICAL ACADEMY, LLC,

      Defendant.
_____/

## ORDER ON PLAINTIFF'S VERIFIED MOTION
## FOR EXTENSION OF TIME TO SERVE DEFENDANT

THIS MATTER is before the Court on Plaintiff's Verified Motion for Extension of Time to Serve Defendant ("Motion").  (Dkt. 7.)  Upon consideration of the Motion and for the reasons that follow, the Motion is granted.

## BACKGROUND

On June 9, 2016, Plaintiff filed suit against Defendant.  (Dkt. 1.)  Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve the defendant within ninety days of filing the complaint, which, in this case, was September 7, 2016.  Pursuant to Rule 4(m), on September 12, 2016, the Honorable Steven D. Merryday entered an order permitting Plaintiff to move for an extension of time to serve Defendant by September 26, 2016.  (Dkt. 4.)  The order directed as follows:

> Under Rule 4(m), the motion must "show[] good cause for the failure" to serve within ninety days. Also, under Rule 6(b)(1)(B), the motion must show at least "excusable neglect" for Villaflor's failure to request an extension before the expiration of the ninety days and for Villaflor's continuing failure to request an extension. An affidavit or other verified paper must support each factual allegation; the order granting or denying the motion will disregard any unsworn factual allegation. If Villaflor fails to show good cause or fails to demonstrate excusable neglect, an order will dismiss the claims against Ultimate Medical Academy.

(Dkt. 4.)

In the Motion, Plaintiff's counsel avers that, at the time of filing Plaintiff's complaint, he "was without a legal assistant for the first time in years to assist him in coordinating his schedule and calendaring pertinent dates and events on his litigation schedule." (Dkt. 7 ¶ 12.) Counsel avers that he mistakenly noted the deadline for service in this case as being October 7, 2016, a month later than the actual deadline under Rule 4(m), because "he used the old 120 day deadline that existed prior to the amendment of Rule 4(m)." (Dkt. 7 ¶ 12.) "Had undersigned counsel had his legal assistant the complaint would have been properly calendared and the complaint served in a timely manner," counsel avers. (Dkt. 7 ¶ 13.) Counsel argues that not having the assistance of a legal assistant together with "the recent rule change," which shortened the deadline for service, "created outside events that demonstrate good cause" that warrant granting the Motion. (Dkt. 7 ¶ 14.)

Plaintiff's counsel argues that, even if the Court does not find good cause, the Court should exercise its discretion to extend the service deadline due to the prejudice to Plaintiff if the action is dismissed, even without prejudice. (Dkt. 7 ¶ 16.) Specifically, Plaintiff contends that she filed this suit within the 90 days of exhausting her administrative remedies. (Dkt. 7 ¶ 20.) If this suit is dismissed without prejudice, "it could still arguably prevent Plaintiff from re-filing her ADA claims as her ninety (90) day deadline to file such claims would have passed." (Dkt. 7 ¶ 20.)

Further, counsel avers that he informed Defendant of the action on or about July 1, 2016, when Plaintiff sent Defendant a settlement demand. (Dkt. 7 ¶ 4.) Upon receiving the Court's order permitting Plaintiff to move for an extension of time to serve Defendant, Plaintiff's counsel avers that, on September 16, 2016, Plaintiff served Defendant's registered agent via a private process server. (Dkts. 6, 7, 7-1.) Counsel argues that "[s]uch diligence in completing service upon

learning of the untimeliness reflects that Plaintiff has proceeded in good faith." (Dkt. 7 ¶ 14.)

Thus, these factors, Plaintiff contends, supports the Court's exercise of its discretion to extend the

service deadline even if the Court does not find good cause to have been shown. (Dkt. 7 ¶ 17.)

## ANALYSIS

### I.    "Good Cause" Under Rule 4(m)

Under Rule 4(m), "if the plaintiff shows good cause for the failure [to serve defendant

within 90 days], the court must extend the time for service for an appropriate period." Fed. R. Civ.

P. 4(m). In 2015, Rule 4(m) was amended so that the "time for serving a defendant [was] reduced

from 120 days to 90 days." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment

("Shortening the presumptive time for service will increase the frequency of occasions to extend

the time for good cause. More time may be needed, for example, when a request to waive service

fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis

action.").

Good cause exists under Rule 4(m) "only when some outside factor such as reliance on

faulty advice, rather than inadvertence or negligence, prevented service." *Nelson v. Barden*, 145

F. App'x 303, 309 (11th Cir. 2005) (internal quotations and citations omitted). Good cause

requires:

> *at least* as much as would be required to show excusable neglect, as to which simple
> inadvertence or mistake of counsel or ignorance of the rules usually does not
> suffice, and some showing of good faith on the part of the party seeking
> enlargement *and* some reasonable basis for noncompliance within the time
> specified is normally required.

*Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993) (emphasis in original)

(quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)). "Being

confused and uninformed with regard to the rule governing service is not 'good cause.'" *Lowe v.*

*Hart*, 157 F.R.D. 550, 553 (M.D. Fla. 1994) (holding that a pro se litigant's ignorance of the service rules did not constitute good cause to excuse the litigant's failure to timely serve defendants); *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) ("Failure to read a rule is the antithesis of good cause. Ignorance may be an explanation but is not an excuse.").

Importantly, courts have held that an attorney's inadvertent failure to meet a deadline does not constitute good cause such to warrant extension of the service deadline. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("If we were to hold that [plaintiff's] attorney's inadvertent failure to calendar the Rule 4(j) deadline constitutes 'good cause,' the good cause exception would swallow the rule" and "[a] showing of 'good cause' within the meaning of Rule 4(j) therefore contemplates more than a simple averment that counsel inadvertently forgot about the time limit that the rule imposes"); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) ("Even when delay results from inadvertence of counsel, it need not be excused."); *In re Pearlman*, No. 6:07-BK-00761-KSJ, 2011 WL 1395296, at *1 (Bankr. M.D. Fla. Apr. 7, 2011) (holding that "an attorney's oversight" did not constitute good cause under Rule 4(m)).

Here, Plaintiff's counsel avers that the reason Plaintiff did not serve Defendant within the time required by Rule 4(m) is that Plaintiff's counsel did not have a legal assistant to assist him with managing his deadlines.  Thus, he had to manage his own deadlines, but he mistakenly operated under Rule 4(m)'s former 120-day time period for service, which was shortened in 2015 to 90 days.  Counsel's being mistaken or uninformed about the operative deadline under Rule 4(m) does not constitute good cause under Rule 4(m) such that the Court is required to extend the deadline for Plaintiff to serve Defendant. *See Lowe*, 157 F.R.D. at 553.  Accordingly, Plaintiff has

not demonstrated good cause such that the Court is required to extend Plaintiff's time to serve Defendant under Rule 4(m).[1]

## II.    The Court's Discretion In the Absence of Good Cause

However, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).   Citing the Advisory Committee Notes to the 1993 Amendments to Rule 4(m), the Eleventh Circuit explained that circumstances justifying an extension absent a showing of good cause, include, without limitation, that the action would be barred by the statute of limitations or that the defendant was attempting to evade service.  *Id.* at 1132–33 (affirming the district court's extension of the time for service because, if dismissed, the case would be barred by the statute of limitations and defendant had notice of the suit and was later formally served).

Thus, "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case" and "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007); *Pearlman*, 2011

---

[1] Likewise, an extension is not warranted under Rule 6(b)(1)(B), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Eleventh Circuit, in the context of examining excusable neglect under the rule governing extensions for filing a notice of appeal, distinguished between an attorney's misunderstanding of the law, which "cannot constitute excusable neglect" and "a miscommunication case or a clerical-error case," which, under certain circumstances, can. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998–99 (11th Cir. 1997) (finding that defendant's counsel "misunderstanding of the law cannot constitute excusable neglect" to permit an extension of time to file a notice of appeal).  Here, Plaintiff's counsel's ignorance of Rule 4(m) having been amended to shorten the service time period does not constitute excusable neglect. *Id.*

WL 1395296, at *1–2 (holding that an attorney's missing the service deadline through inadvertence did not constitute good cause, but, nevertheless, exercising its discretion to extend the service deadline by one day, which was the day service was effectuated, because, otherwise, the statute of limitations would foreclose plaintiff's claim and defendant was not prejudiced because it knew of the lawsuit in advance of being served); *Pridemore v. Regis Corp.*, No. 3:10-CV-605-J-99MMH, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011) ("The delay in service, a mere 11 days, is slight and Defendant has failed to suggest that it suffered any prejudice as a result of this delay. As such, the Court determines to exercise its discretion to grant an extension of time for service of process.").

Here, the Court finds that other circumstances warrant extending Plaintiff's time to serve Defendant. Specifically, as Plaintiff's counsel contends, Plaintiff's ability to re-file this suit, were it to be dismissed without prejudice, may be barred as outside the time limits prescribed by the ADA. Further, counsel avers that Defendant had notice of this suit in July 2016 and that Plaintiff formally served Defendant on September 16, 2016, which was only nine days after the deadline for service. Therefore, although Plaintiff did not demonstrate good cause under Rule 4(m), an extension of the service deadline is nonetheless warranted due to the potential prejudice to Plaintiff if an extension were not granted, the lack of prejudice to Defendant if it were granted, and Plaintiff's diligence in serving Defendant only nine days after the service deadline. Although it appears Plaintiff served Defendant on September 16, 2016 (Dkt. 6), Plaintiff is granted an additional ten days from the date of this Order to effectuate service.

Accordingly, it is

**ORDERED**:

1.      Plaintiff's Motion (Dkt. 7) is **GRANTED**.

2.      Plaintiff is granted an additional ten days from the date of this Order to serve

Defendant.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record