UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZETTE C.G. VILLAFLOR,

    Plaintiff,

v.   Case No: 8:16-cv-1486-T-23JSS

ULTIMATE MEDICAL ACADEMY, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Vacate Clerk's Entry of Default ("Motion") (Dkt. 12), and Plaintiff's response in opposition (Dkt. 13). For the reasons that follow, the Motion is granted.

### BACKGROUND

Plaintiff filed her complaint in June 2016. In response to the Court's order (Dkt. 4), in September 2016, Plaintiff moved for an extension of time to effect service. (Dkt. 7.) Meanwhile, Plaintiff served Defendant on September 16, 2016. (Dkt. 6.) The Court granted Plaintiff's motion, giving Plaintiff an additional ten days to effect service, but noting that it appeared service had been effected on September 16, 2016. (Dkt. 8.)

After Defendant failed to timely answer or otherwise respond to the complaint, upon Plaintiff's motion, the Clerk entered default against Defendant. (Dkt. 10.) In the Motion, Defendant moves for entry of an order vacating the Clerk's default.

### APPLICABLE STANDARDS

After a complaint is filed, the plaintiff must serve the defendant with the summons and a copy of the complaint within ninety days. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served

within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A defendant must serve an answer within twenty-one days after being served with the summons and complaint, and every defense to the claims raised in the complaint must be asserted in the answer. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Alternatively, before filing an answer, a defendant may present certain defenses to the complaint by motion, including insufficient service of process. Fed. R. Civ. P. 12(b).

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. Fed. R. Civ. P. 55(a). After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default). Although there is no precise standard for evaluating whether good cause exists, courts consider the following factors, without limitation: whether the default was culpable or willful, whether setting the default aside would prejudice the other party, whether the defaulting party presents a meritorious defense, whether the public interest was implicated, whether the defaulting party suffered significant financial loss, and the defaulting party's promptness in acting to correct the default. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

## ANALYSIS

Defendant's chief contention is that it "believes that it is not required to respond to the Complaint because it was not timely served." (Dkt. 12 ¶ 3.) Although Defendant concedes it was

served on September 16, 2016, Defendant contends that it was not timely served because Plaintiff did not serve it either within ninety days of filing the complaint or within the ten additional days the Court granted Plaintiff to serve Defendant. (Dkt. 12 ¶¶ 4–5.) Nonetheless, Defendant contends that the default should be vacated because the default was neither culpable nor willful. (Dkt. 12 at ¶ 3.) In response, Plaintiff argues that Defendant's failure to respond to the complaint after being served was willful. Further, Plaintiff contends, Defendant took no action when Plaintiff filed the motion for entry of Clerk's default, and moved to vacate the Clerk's default only after Plaintiff moved for default judgment. (Dkt. 13 at 3.)

In the Motion, Defendant states that its decision to not respond to the complaint after being served was intentional because it believed that the complaint was not timely served. (Dkt. 12 at ¶¶ 4–5.) Thus, it appears that Defendant "willfully default[ed] by displaying either an intentional or reckless disregard for the judicial proceedings." *Compania*, at 88 F.3d 951–52. Thereafter, Defendant did not respond to Plaintiff's motion for entry of Clerk's default despite having been served nearly two months before the motion was filed. Defendant moved to vacate the Clerk's default over two months after it was entered and after Plaintiff moved for default judgment. Although it appears Defendant's counsel was retained immediately before Defendant moved to vacate the default (Dkt. 12 ¶ 3, n.2), Defendant has been aware of the lawsuit since it was served in September 2016. Therefore, Defendant's actions to correct the default were not prompt. *Compania*, 88 F.3d at 951.

Defendant states that its chief defense is that the lawsuit should be dismissed for Plaintiff's failure to timely effect service. (Dkt. 12 ¶ 3.) As the Court has explained, however, Plaintiff was granted an extension to effect service, although, at the time this extension was granted, service had been effected. (Dkts. 6, 8). As such, Defendant's chief defense is not meritorious. Defendant

does raise, however, the additional defense that it terminated Plaintiff for legitimate, non-discriminatory reasons. (Dkt. 12 ¶ 3, n.1.)

Despite the foregoing, courts view defaults "with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Plaintiff has not argued that it would be prejudiced if the default is set aside. *See Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, No. 806CV-692T-17TBM, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.").

In consideration of the applicable factors, the Court concludes that Defendant has barely made a showing of good cause. Given the strong policy of determining cases on their merits, the lack of prejudice to Plaintiff, and Defendant's potentially raising meritorious defenses to Plaintiff's allegations in the complaint, Defendant has made a modest showing of good cause and setting aside the default is warranted. As such, the Motion is granted. Accordingly, it is

**ORDERED** that Defendant's Motion to Vacate Clerk's Entry of Default (Dkt. 12) is **GRANTED**. Defendant shall respond to the complaint within twenty-one (21) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on March 16, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record